UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD REUBEN ORMSBY, JR.,

    Plaintiff,                                 Civil Action No. 16-CV-10541

vs.                                            HON. BERNARD A. FRIEDMAN

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND REMANDING FOR FURTHER PROCEEDINGS</u>**

        This matter is presently before the Court on cross motions for summary judgment [docket entries 16, 17]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

        Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his applications for Social Security disability insurance and Supplemental Security Income ("SSI") benefits. An Administrative Law Judge ("ALJ") held a hearing in November 2014 (Tr. 30-92) and issued a decision denying benefits in March 2015 (Tr. 15-26). This became defendant's final decision in January 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

        Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir.2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir.2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir.1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir.1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640–41 (6th Cir. 2013).

At the time of his November 2014 hearing, plaintiff was 47 years old (Tr. 38). He has an eleventh grade education and work experience as a maintenance supervisor at an apartment complex (Tr. 62-63, 67). Plaintiff claims he has been disabled since January 2013 due to pain in his back, legs, arms, shoulders, and neck; numbness, tingling, and shaking in his hands and fingers; hypothyroidism, degenerative arthritis, a cyst on his brain, neuropathy, a blood disorder, hypertension, bulging disks, nerve damage in his back, right rotator cuff injury, GERD, and stomach issues (Tr. 40-50, 198). His insured status expires in September 2018 (Tr. 33, 187).

The ALJ found that plaintiff's severe impairments are "Degenerative Disc Disease, lumbar Disc Bulge, posterior fossa Arachnoid Cyst with left Cerebellar Hemisphere atrophy and history of Polycythemia Vera" (Tr. 20) and that his non-severe impairments are "cardiopulmonary

impairments, . . . hypothyroidism, ulcer, hernia, vitamin D deficiency and gastroesophageal reflux disease (GERD)" (Tr. 21). The ALJ also implicitly found that plaintiff's obesity is a non-severe impairment by indicating she "did not identify substantial medical evidence in support of a finding that the claimant's obesity more than minimally limits his ability to engage in work activity (SSR 02-1p)" (Tr. 21). The ALJ found that plaintiff cannot perform his past work, but that he has the residual functional capacity ("RFC") to perform

> light work . . . except he can only occasionally climb stairs, crouch, crawl, kneel, stoop/bend; he can only occasionally reach overhead with his upper extremities; he can only occasionally use foot controls with his lower extremities; he must avoid workplace hazards such as moving machinery, unprotected heights, and climbing of ladders; he must have the opportunity to alternate between sitting and standing while engaged in the work, as he desires; and, he is limited to low stress work (e.g., work that is self-paced, not in team-tandem with coworkers, and not at a production rate).

(Tr. 22.) A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age, education, and work experience, and who has this RFC, could work at certain unskilled jobs such as cashier, administrative support, or stock sorter (Tr. 78-79). Citing this testimony as evidence that work exists in significant numbers that plaintiff could perform, the ALJ concluded that plaintiff is not disabled (Tr. 25-26).

Having reviewed the administrative record and the parties' briefs, the Court finds that the ALJ's decision in this matter is not supported by substantial evidence because her RFC evaluation of plaintiff is flawed. Since the hypothetical question incorporated this flawed RFC evaluation, it failed to describe plaintiff accurately in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

The ALJ first erred in failing to consider the effect of plaintiff's obesity on his other impairments. While obesity is no longer a "listed impairment," Social Security Ruling 02-1p, 2002 WL 34686281 (Sept. 12, 2002), it is nonetheless "a medically determinable impairment" and ALJs must "consider its effects when evaluating disability. . . . [T]he combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id.* Further, the ALJ must consider the effects of obesity all steps of the sequential process, not just at Step Two when the determination is made as to whether an impairment is "severe." *See id.,* Policy Interpretation ¶ 3 ("We will consider obesity in determining whether: The individual has a medically determinable impairment. . . . ; [t]he individual's impairment(s) is severe. . . . ; [t]he individual's impairment(s) meets or equals the requirements of a listed impairment in the listings. . . . ; [t]he individual's impairment(s) prevents him or her from doing past relevant work and other work that exists in significant numbers in the national economy."). Under defendant's regulations, an adult with a BMI of 30 or above is deemed to be obese. *See* SSR 02-1p. Additionally,

> [o]besity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, *and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.*

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q (emphasis added).

In the present case, the ALJ, while acknowledging plaintiff's obesity[1], did not consider the effect it may have on plaintiff's other impairments and his RFC. As noted, the ALJ stated simply that plaintiff's obesity is not *itself* a severe impairment (Tr. 21). This may well be true, but it does not end the inquiry because SSR 02-1p requires the ALJ to consider obesity at all steps of the sequential evaluation process. On remand, the ALJ must, as required by SSR 02-1p, consider the effect of plaintiff's obesity on his other impairments, particularly his musculoskeletal impairments, and, as appropriate, revise her RFC evaluation of plaintiff and her hypothetical questions(s) to the VE.

The ALJ's RFC assessment of plaintiff is also flawed because it did not include any consideration of the side effects of plaintiff's medications. During the relevant time frame, plaintiff was prescribed a number of medications, including lisinopril, levothyroxine, Norvasc, Ranitidine Hcl, albuterol, nitroglycerin, pantoprazole, furosemide, Cyclobenzaprine Hcl, and Amlodipine (Tr. 201, 379, 392, 445-49). Some of these medications have common side effects, including dizziness and tiredness/weakness. *See* http://www.drugs.com/sfx/[drug name]-side-effects.html. Plaintiff testified that one of his medications "really makes me tired. It zaps my energy, makes it hard for me to move around" (Tr. 60), and in his disability report, where asked about medication side effects, plaintiff indicated "[n]ot sure if is from meds or my condition but I have dizziness and fatigue" (Tr. 221).

The ALJ neglected to develop the record as to this medically and vocationally significant issue. The ALJ asked plaintiff no questions in response to his testimony that "Flexeril

---

[1] Under SSR 02-1p, a person with a body-mass index ("BMI") of 30 or above is deemed to be obese. Plaintiff's BMI exceeded this threshold during the relevant time period. *See, e.g.,* Tr. 308 (BMI 30.39); Tr. 360 (BMI 30.98); Tr. 366 (BMI 32.23); Tr. 391 (BMI 32.7).

really makes me tired. It zaps my energy, makes it hard for me to move around," (Tr. 60), and she did not acknowledge this testimony or mention this issue in her written decision. The Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must (1) determine which medications plaintiff was taking during the relevant time period, (2) make findings as to the nature and extent of these medications' side effects, if any, and adjust her findings as appropriate regarding plaintiff's RFC, and (3) incorporate these findings in proper hypothetical questions to the VE to determine whether work exists in significant numbers that can be performed by a person such as plaintiff experiencing such side effects.

The ALJ's RFC assessment of plaintiff is also flawed because she failed to provide an adequate explanation for giving "little weight" to the September 2014 opinion of plaintiff's treating physician, Leia Meyers, M.D. (387-88). Dr. Meyers' opinion is that plaintiff can sit, stand, and/or walk for a combined total of two hours per day (Tr. 387), that he can lift up to five pounds frequently and ten pounds occasionally (Tr. 387), that he cannot use his feet on a sustained basis to operate leg controls (Tr. 388), and that he requires "freedom to rest frequently without restriction" (Tr. 388). These restrictions, if credited, would rule out all full-time employments. The ALJ gave this opinion little weight "because it was not consistent with the treatment records of no gastrointestinal symptoms or signs the claimant reported feeling good chest clear with no

6

wheezes/rales" [sic] (Tr. 24). This explanation is illogical because the restrictions in Dr. Meyers' opinion, which concern plaintiff's ability to sit, stand, walk, lift, use his legs and feet, and his need to rest, is unrelated to his "gastrointestinal symptoms" or whether his chest is clear, but with his musculoskeletal impairments. On remand, the ALJ must reevaluate Dr. Meyers' opinion in light of the evidence showing plaintiff has bulging discs and degenerative changes in his lumbar spine (Tr. 439-40) and degenerative changes and "multilevel central and forminal stenosis" in his cervical spine (Tr. 456). As appropriate, the ALJ must reassess plaintiff's RFC and put revised hypothetical questions to the VE.

In this connection, on remand the ALJ must also make further findings regarding plaintiff's credibility. Plaintiff testified that he experiences significant, daily pain in his back, legs, neck and arms, that he must constantly change position, and that he must lie down several times throughout the day (Tr. 49-54). While the ALJ found certain aspects of plaintiff's testimony to be "partially credible" (Tr. 24, first paragraph), she did not comment on plaintiff's testimony regarding his pain and his need to lie down. On remand, the ALJ must correct this error, give plaintiff's testimony whatever weight it deserves, and reassess plaintiff's RFC and put revised hypothetical questions to the VE, as appropriate.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted

above.  Accordingly,

       IT IS ORDERED that defendant's motion for summary judgment is denied.

       IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above.  This is a sentence four remand under § 405(g).

                              s/ Bernard A. Friedman____
Dated: August 15, 2016                BERNARD A. FRIEDMAN
   Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE